IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                       )<br>                   Plaintiff,          )<br>                                                       )<br>      vs.                                              )<br>                                                       )<br>OSCAR LOPEZ-INSUZA,              )<br>                                                       )<br>                   Defendant.      ) | Case No. 8:11CR326<br><br>ORDER |

This case is before the court on the defendant's Motion to Disclose Identity of Informant and Make Available for Interview (#29). The defendant is charged in a four-count indictment (#1) with conspiracy (methamphetamine), distribute methamphetamine, distribute methamphetamine, and distribute methamphetamine (actual). The defendant moves to compel the disclosure of the confidential informant ("CI") whose information to law enforcement was a part of the four counts. The defendant alleges that the disclosure of the confidential informant is necessary and relevant in the preparation of his defense.

The government responds (#32) that information from the confidential informant will be offered. The CI participated in controlled purchases of methamphetamine, resulting in charges contained within the Indictment. The United States proposes disclosure of the identity of the CI, and any material relating to Giglio v. United States, 405 U.S. 150 (1972), one calendar week prior to trial. Furthermore, the United States recognizes that any potentially favorable or exculpatory material must be disclosed, and will continually do so as required. See Brady v. Maryland, 373 U.S. 83 (1963).

**THE LAW**

The seminal case dealing with the disclosure of confidential informants is Roviaro v. United States, 353 U.S. 53 (1957), where the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. In Roviaro, the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the considerations of public interests in protecting the flow of information, against the individual's right to prepare his defense. Roviaro also requires the consideration of factors, including the crime charged, possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of a confidential informant is not mandated, "unless it is vital to a fair trial." United States v. Bourbon, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." Devose v. Morris, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However, if the informant acts as a mere "tipster," i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." Bourbon, 819 F.2d at 860. "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991), United States v. Hollis, 245 F.3d 677 (8th Cir. 2001).

After applying the law to the facts of this case, I find the defendant has established beyond mere speculation, given the CI's' direct involvement in the drug transaction and that

disclosure is material to the determination of the case.  I find the government does have a legal obligation under <u>Brady v. Maryland</u>, 83 S. Ct. 1194, 1196-97 (1963) and the facts of this case, to reveal the identity of the confidential informant.  Therefore,

**IT IS ORDERED:**

1. The Defendant's Motion to Disclosure Identity of Informant (#29) is granted in part and denied in part.

2.  The government is ordered to reveal the identity of the confidential informant to the defendant fourteen (14) days prior to defendant's trial date.  The request to make the confidential informant available for interview prior to trial is denied, as no authority for Defendant's position is cited and none exists.

3.  A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order.  The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 27th day of October 2011.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge